NOTICE

*The text of this opinion can be corrected before the opinion is published in the* <u>*Pacific Reporter*</u>*. Readers are encouraged to bring typographical or other formal errors to the attention of the Clerk of the Appellate Courts:*

*303 K Street, Anchorage, Alaska 99501*
*Fax: (907) 264-0878*
*E-mail: corrections@akcourts.gov*

IN THE COURT OF APPEALS OF THE STATE OF ALASKA

KENNETH S. BALLARD,

Appellant,

v.

STATE OF ALASKA,

Appellee.

Court of Appeals No. A-14123
Trial Court No. 3PA-21-01328 CR

O P I N I O N

No. 2813 — August 8, 2025

Appeal from the District Court, Third Judicial District, Palmer, Shawn Traini, Judge.

Appearances: Michael L. Barber, Barber Legal Services, Boston, Massachusetts, under contract with the Public Defender Agency, and Terrence Haas, Public Defender, Anchorage, for the Appellant. Seneca Theno Freitag, Assistant Attorney General, Office of Criminal Appeals, Anchorage, and Treg R. Taylor, Attorney General, Juneau, for the Appellee.

Before: Wollenberg, Harbison, and Terrell, Judges.

Judge TERRELL.

Kenneth S. Ballard was convicted, following a jury trial, of driving under the influence of alcohol based on a DataMaster test result showing that he had a blood alcohol content of 0.134 percent.[1] Ballard appeals this conviction, raising two claims.

Ballard first argues that the district court erred by allowing the State to introduce two DataMaster calibration reports under Alaska Evidence Rule 803(6), the business records exception to the hearsay rule. But in *State v. Huggins*, we held that calibration reports for breath testing instruments may be admitted under Alaska Evidence Rule 803(8), the public records exception to the hearsay rule.[2] We further held that calibration reports can qualify as self-authenticating documents under Alaska Evidence Rule 902(4).[3] Applying *Huggins*, we conclude, on this alternative ground, that the court did not err in admitting the signed and notarized calibration reports.[4]

Ballard next argues that the court erred by denying his request to introduce maintenance records from the DataMaster under the business records exception to the hearsay rule. Ballard sought to introduce these records through the police officer who administered the breath test, but the officer disclaimed knowledge of the testing instrument's maintenance history, and the court ruled that the officer was not the proper

---

[1] AS 28.35.030(a)(2).

[2] *State v. Huggins*, 659 P.2d 613, 615-17 (Alaska App. 1982).

[3] *Id.* at 617-19.

[4] Ballard also argues that the DataMaster printout containing the test result was inadmissible under the business records exception to the hearsay rule. But Alaska Evidence Rule 101(a) provides that the evidence rules apply in all court proceedings, except as otherwise provided by law. Under AS 28.35.033(d), DataMaster test results are presumed valid "[i]f it is established at trial that a chemical analysis of the breath…was performed according to approved methods by a person trained according to techniques, methods, and standards of training approved by the Department of Public Safety." The statute provides that, under those circumstances, "further foundation for introduction of the evidence is unnecessary." AS 28.35.033(d).

person to lay the foundation for the admission of the documents. We agree and, therefore, affirm the court's ruling and Ballard's conviction.

*Background facts and proceedings*

On April 20, 2021, Wasilla Police Officer Ryan Hellman's observations of a vehicle led him to conclude that the driver might be impaired, so he initiated a traffic stop. The driver, Kenneth Ballard, admitted that he had consumed alcohol, and he subsequently failed standardized field sobriety tests. Officer Hellman then arrested Ballard and administered a DataMaster breath test, which revealed that Ballard had a blood alcohol content of 0.134 percent.

The State charged Ballard with misdemeanor driving under the influence, under the theory that there was 0.08 grams or more of alcohol per 210 liters of Ballard's breath within four hours of his driving.[5] At trial, the State called Officer Hellman as its only witness. During Officer Hellman's testimony, the State sought to introduce three documents related to Ballard's breath test: a printout from the DataMaster with Ballard's test result, and two calibration reports indicating that the DataMaster was properly calibrated when it was routinely evaluated in April and May 2021.[6] Both calibration reports contained the signed affidavit of the scientific director of the state crime lab and were notarized by a certified notary public.

Ballard objected to admission of the calibration reports, arguing that a records custodian or qualified witness was required in order for the State to properly

---

[5]  AS 28.35.030(a)(2).

[6]  Under Alaska law, to introduce the results of a breath test at trial, the State must show that the breath test was "performed according to methods approved by the Department of Public Safety." AS 28.35.033(d). A separate regulation provides that each individual breath test instrument must be calibrated and certified by the scientific director of the state crime lab or their designee, and that this process must be repeated "[a]t intervals not to exceed 60 days." 13 Alaska Administrative Code (AAC) 63.100(a)-(c).

introduce the evidence under Alaska Evidence Rule 803(6), the business records exception to the hearsay rule. The prosecutor argued in opposition that he did not have to introduce the calibration reports through a live witness because the certified reports are "self-authenticating" documents. The court agreed, ruling that the reports were "self-authenticating" and admissible as business records. The State proceeded to lay a foundation for admission of the evidence through Officer Hellman.

On cross-examination, Ballard's attorney questioned Officer Hellman about the scientific method through which breath testing instruments detect alcohol. The defense attorney then questioned Hellman about the maintenance history of the DataMaster used for Ballard's test, and moved to admit seven maintenance records from the state crime lab. These records indicated that between July 2019 and March 2020, the instrument used for Ballard's test experienced "filter errors." It was worked on by a crime lab employee in March 2020, and was then sent to the factory and refurbished, returning to the crime lab in April 2020. It was taken out of service in November 2021. (Ballard's offense occurred in April 2021.) Officer Hellman denied personal knowledge of the maintenance issues detailed in the records, noting that the police department had breath test supervisors who might be able to explain how the instruments were maintained and calibrated.

The State objected to the admission of the DataMaster maintenance records on relevancy and hearsay grounds, and argued that Officer Hellman was not the proper person to lay a foundation for these records because he had no personal knowledge of the DataMaster's maintenance history. Ballard's counsel stated in response that she would try to have an employee of the crime lab testify so that the documents could be admitted.

The district court agreed with the State, ruling that Ballard had not laid an adequate foundation to introduce the maintenance records under the business records exception to the hearsay rule under Alaska Evidence Rule 803(6). The court alternatively ruled that the maintenance records were not relevant under Alaska

Evidence Rule 401. Ballard's counsel did not subsequently produce a witness from the crime lab to lay a foundation for admission of the DataMaster maintenance records.

The jury convicted Ballard of driving under the influence. This appeal followed.

*The calibration reports were admissible under the public records exception to the hearsay rule*

On appeal, Ballard challenges the district court's ruling that the DataMaster calibration reports were admissible as business records under Alaska Evidence Rule 803(6). We affirm the court's ruling on alternative grounds.[7] In *State v. Huggins*, we held that calibration reports for breath testing instruments are admissible under Alaska Evidence Rule 803(8), the public records exception to the hearsay rule.[8] We conclude that the calibration reports in Ballard's case were admissible under this exception.

In 1979, the Alaska Supreme Court promulgated the modern rules of evidence,[9] which include a hearsay exception for "Public Records and Reports."[10] Under this exception, codified in Alaska Evidence Rule 803(8), certain records or reports prepared by a public officer or agency are admissible even if the declarant is available as a witness. The rule excepts from the general bar on hearsay evidence:

> **Public Records and Reports**. (a) To the extent not otherwise provided in (b) of this subdivision, records, reports, statements, or data compilations in any form of a

---

[7] *Vaska v. State*, 135 P.3d 1011, 1019 (Alaska 2006) (recognizing that "an appellate court ordinarily has broad authority to affirm a trial court's ruling on any legal theory established in the appellate record").

[8] *Huggins*, 659 P.2d at 615-17.

[9] SCO 364 (effective Aug. 1, 1979).

[10] Alaska R. Evid. 803(8).

public office or agency setting forth its regularly conducted and regularly recorded activities, or matters observed pursuant to duty imposed by law and as to which there was a duty to report, or factual findings resulting from an investigation made pursuant to authority granted by law.

(b) The following are not within this exception to the hearsay rule: (i) investigative reports by police and other law enforcement personnel; (ii) investigative reports prepared by or for a government, a public office or an agency when offered by it in a case in which it is a party; (iii) factual findings offered by the state in criminal cases; (iv) factual findings resulting from special investigation of a particular complaint, case, or incident; (v) any matter as to which the sources of information or other circumstances indicate lack of trustworthiness.[11]

In 1982, we published our decision in *State v. Huggins*.[12] In *Huggins*, the State offered six documents as the foundation for admitting the defendants' breath test results, including a "certificate of calibration" for the specific breath testing instrument that was used to administer the tests, which at that time was commonly referred to as the "breathalyzer."[13] The trial court ruled that these documents were inadmissible hearsay.[14]

We reversed the trial courts' rulings,[15] issuing two holdings that are relevant to Ballard's case. First, we held that the breathalyzer calibration reports offered by the State were admissible under Alaska Evidence Rule 803(8)(a) without the need

---

[11]  *Id.*

[12]  *Huggins*, 659 P.2d 613.

[13]  *Id.* at 614 & n.1.

[14]  *Id.* at 614-15.

[15]  *Id.* at 619.

for "personal testimony" from a live witness.[16] We concluded that the breathalyzer calibration report fit the criteria for public records set out in Evidence Rule 803(8)(a), in that it constituted "records, reports, statements, or data compilations in any form of a public agency setting forth its regularly conducted and regularly recorded activities, or matters observed pursuant to duty imposed by law and as to which there was a duty to report[.]"[17] We also concluded that "[t]he factual findings included in the records that comprise the breathalyzer packet are compiled in the regular course of business by government officials in advance of any . . . case in which the breathalyzer tested will be used."[18] Therefore, "[a]n official would have no motive to misrepresent those facts because the nexus between his findings and a particular result on a particular prosecution is too attenuated."[19]

Second, we held in *Huggins* that the breathalyzer calibration reports were self-authenticating under Alaska Evidence Rule 902(4).[20] Under this rule, copies of public records are self-authenticating if they are properly "certified as correct by the custodian or other person authorized to make the certification."[21] We noted that

---

[16]  *Id.* at 615-16. In addition to finding that the breathalyzer packet was admissible under Evidence Rule 803(8)(a), we found that "admission of the breathalyzer packet under Evidence Rule 803(8)(a) is not precluded by the exceptions to the rule provided in Evidence Rule 803(8)(b)(i)-(iii)." *Id.* at 616.

[17]  *Id.* at 615-16 & n.2.

[18]  *Id.* at 616.

[19]  *Id.*

[20]  *Id.* at 617-19.

[21]  Alaska R. Evid. 902(4). In *Huggins*, we noted that when evaluating evidence under Rule 902(4), "absent evidence to the contrary, the trial court should presume that what purports to be a state official's signature, under seal, certifying a document, or a signature, or that a person is a public custodian, is in fact a valid signature." *Huggins*, 659 P.2d at 618.

"Evidence Rule 902(4) requires that each official record to which it applies must be 'authorized by law to be recorded or filed and actually recorded or filed in a public office[,]'" and that applicable regulations authorized the filing of the breathalyzer calibration reports and that such reports were actually filed and recorded.[22]

No amendments have been made to Alaska Evidence Rules 803(8) and 902(4), and *Huggins* has not been overruled. Thus, *Huggins* remains good law. Applying *Huggins* to the facts of Ballard's case, we conclude that the DataMaster calibration reports were admissible under the public records exception to the hearsay rule.[23] We further conclude that the calibration reports were self-authenticating public records because they contained the signed affidavit of the scientific director of the state crime lab and were notarized by a certified notary public.[24]

*The district court did not err in denying Ballard's request to introduce the DataMaster maintenance records due to lack of proper foundation*

Ballard next argues that the district court erred by denying his motion to introduce into evidence several state crime lab records detailing historical maintenance performed on the DataMaster used for Ballard's test. Ballard acknowledges that the maintenance records are hearsay,[25] but he argues that the district court erred by ruling

---

[22]  *Huggins*, 659 P.2d at 617.

[23]  *See* Alaska R. Evid. 803(8)(a). We note that Ballard never challenged the process of verifying calibrations of the DataMaster as faulty or "indicat[ing] lack of trustworthiness." *See* Alaska R. Evid. 803(8)(b)(v).

[24]  *See* Alaska R. Evid. 902(4).

[25]  Alaska R. Evid. 801(c) ("Hearsay is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted."); Alaska R. Evid. 802 ("Hearsay is not admissible except as provided by [the Alaska Rules of Evidence], by other rules prescribed by the Alaska Supreme Court, or by enactment of the Alaska Legislature.").

that the records were not admissible under Alaska Evidence Rule 803(6), the business records exception to the hearsay rule.

The Alaska Supreme Court has explained that five requirements must be satisfied under the business records exception to the hearsay rule:

> [F]irst, the record must be of a "regularly conducted business activity"; second, the record must "be regularly kept"; third, the source of information "must be a person who has personal knowledge"; fourth, the information must have been "recorded contemporaneously with the event or occurrence"; and fifth, "*foundation testimony by the custodian of the record*" must be provided.[26]

At trial, Ballard sought to meet this fifth requirement — the "foundation testimony by the custodian of the record" — by cross-examining Officer Hellman. However, in response to the attorney's questioning, Hellman testified that he was not involved in preparing the state crime lab's maintenance records and denied personal knowledge of the content of the records.

Given this record, we agree with the district court's ruling that Officer Hellman was not "the appropriate witness for [laying] a foundation" because he had "no personal knowledge of" the records. Accordingly, we conclude that the district court did not abuse its discretion in declining to admit the DataMaster maintenance records due to lack of a proper foundation.[27] Because Ballard did not lay an adequate foundation for admitting the records under the business records exception, we affirm the court's ruling that the records were inadmissible hearsay.[28]

---

[26] *Wassillie v. State*, 411 P.3d 595, 600 (Alaska 2018) (emphasis added) (quoting *Noffke v. Perez*, 178 P.3d 1141, 1147 (Alaska 2008)); *see* Alaska R. Evid. 803(6).

[27] *See Thompson v. State*, 210 P.3d 1233, 1239 (Alaska App. 2009) (applying the abuse of discretion standard to foundation ruling).

[28] Because we affirm on these grounds, we do not address the court's alternative ruling that the maintenance records were inadmissible under Alaska Evidence Rule 401.

*Conclusion*

We AFFIRM the judgment of the district court.

2813